**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 11 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANG VAN, INC., a California corporation, | No.   14-56770 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-00100-AG-RNB |
| v. | |
| VNG CORPORATION, a Vietnamese corporation, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| INTERNATIONAL DATA GROUP, INC., a Massachusetts corporation, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted October 6, 2016[**]
Pasadena, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: REINHARDT, OWENS, and FRIEDLAND, Circuit Judges.

Appellant Lang Van, Inc. ("Lang Van") appeals the district court's order dismissing its copyright infringement claims against Appellee VNG Corporation ("VNG") for lack of personal jurisdiction. Lang Van challenges that order on the merits and, alternatively, argues that the district court abused its discretion by refusing to permit jurisdictional discovery of VNG. Because the district court's order finally disposed of Lang Van's claims, we have jurisdiction under 28 U.S.C. § 1291. We now vacate and remand.

Lang Van, incorporated and headquartered in California, is a leading producer and distributer of Vietnamese music and entertainment.[1] VNG is a Vietnam corporation with its principal place of business in Ho Chi Minh City, Vietnam, that owns and operates the website mp3.zing.vn ("Zing"). Zing is an online portal that enables users to search, stream, and download music. Lang Van alleges that VNG willfully engaged in large-scale copyright infringement by

---

[1] Because the district court did not hold an evidentiary hearing, this court considers only whether Lang Van's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995)).

making thousands of Lang Van's copyrighted works available to users around the world—including in the United States—without compensating Lang Van.

VNG moved to dismiss for lack of personal jurisdiction. In opposing that motion, Lang Van requested jurisdictional discovery. Specifically, Lang Van sought information about the extent of Zing's use in California. The district court granted the motion to dismiss without holding an evidentiary hearing and did not address Lang Van's request for discovery.

We review a district court's decision to grant or deny jurisdictional discovery for abuse of discretion. *Boschetto*, 539 F.3d at 1020. We are mindful that a district court has "broad discretion to permit or deny discovery," but "[d]iscovery should be granted when . . . the jurisdictional facts are contested or more facts are needed." *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

Here, the record is not sufficiently developed to enable us to determine whether VNG purposefully directed its activities at California and, therefore, whether specific jurisdiction lies with respect to VNG. *See Boschetto*, 539 F.3d at 1016 (specific jurisdiction requires a showing that the defendant "purposefully direct[ed] his activities" at the forum (internal quotation marks and citation

omitted)).  Further discovery on the number of Zing users in California, the number of music downloads by and revenue derived from California users, advertising arrangements with California companies, and internal VNG strategy concerning the California market might demonstrate facts sufficient to constitute a basis for jurisdiction.  *See id.* at 1020 (observing that "it might be jurisdictionally relevant if [the defendants] had used [the website] to conduct a significant quantity of . . . sales to California residents"); *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1229-30 (9th Cir. 2011) (holding that specific jurisdiction was properly exercised in California where the defendant maintained an interactive website, a substantial number of hits to the website came from California residents, and the defendant "continuously and deliberately exploited" the California market for its website by selling advertising space to third-party advertisers who targeted California residents (citation omitted)).  Moreover, VNG contested many of Lang Van's contentions relevant to the district court's jurisdictional inquiry.

     Because additional discovery would be useful to establish specific jurisdiction and the nature of VNG's connections with California was contested, we conclude that the district court should have permitted limited jurisdictional discovery, and we therefore remand.  *See Laub*, 342 F.3d at 1093.  On remand, the

district court may exercise its discretion to manage jurisdictional discovery as appropriate. *See Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1181 (9th Cir. 1988) ("District court judges possess broad authority to regulate the conduct of discovery.").

**VACATED AND REMANDED.**