UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LANG VAN, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>VNG CORPORATION, a Vietnamese Corporation,<br><br>        Defendant. | [Discovery Document: Referred to Magistrate Judge John D. Early]<br><br>Case No. 8:14-cv-00100-AG (JDEx)<br><br>ORDER GRANTING STIPULATED PROTECTIVE ORDER<br><br>Hon. Andrew J. Guilford<br>Courtroom: 10D |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Lang Van, Inc. ("Lang Van") and Defendant VNG Corporation ("VNG") (collectively the "Parties"), by and through their undersigned counsel of record, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order governing the production, use, and disclosure of confidential information in this action, which replaces and supersedes the Protective Order that is currently operative in this action (ECF 40):

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 2. GOOD CAUSE STATEMENT

Lang Van has brought an action claiming that VNG infringed Lang Van's copyrighted works. This action is likely to involve valuable research, development, commercial, financial, technical, and/or proprietary information, including such information from or regarding third parties, for which special protection from public disclosure and from use for any purpose other than

prosecution of this action is warranted.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, including business plans; information regarding confidential business practices, including marketing plans and confidential license agreements and other contracts, many of which contain confidentiality clauses that restrict the disclosure of the contracts; and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. The Parties consider the aforementioned information to be proprietary, commercially sensitive, and/or private. And third parties, some of whom have indicated that they view Lang Van as a competitor, have expressed reservations regarding production in the litigation of confidential information that they have, or that the Parties have, for the same reasons. To address these concerns and avoid lengthy and expensive litigation over the issue, the Parties agree that a mutually appropriate protective order will speed the discovery and litigation processes.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties and Non-Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### 3.  ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with motions unrelated to the merits of the case, good cause must be shown to support a filing under seal.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY does not— without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to matters that are more than tangentially related to the merits of the litigation, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Ctr. For Auto Safety*, 809 F.3d at 1099; *Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed

**STIPULATED PROTECTIVE ORDER**

or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

For the avoidance of doubt, a Non-Party may file motions to seal information in this litigation.

**4. DEFINITIONS**

4.1 Action: *Lang Van, Inc. v. VNG Corporation*, Central District of California, Case No. 18:14-CV-00100-AG (JDEx).

4.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, which is so highly sensitive and confidential as to require the possession of such information to be limited to those persons set forth in Paragraph 9.3. Trade secret

information qualifies as Highly Confidential – Attorneys Eyes Only information. The information that may be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY is only that produced and so-designated by Non-Parties and/or that for which such a designation is required of a Party pursuant to a confidentiality agreement with a Non-Party in order for the materials to be produced. The Parties shall encourage the Non-Parties to make and/or request this designation as sparingly as possible, and, consistent with Paragraph 7.1 herein, the designation shall only be made to those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications shall not be restricted by the designation. Any designation of information as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be a certification to the Court and the other Parties that such information is believed subject to this more restrictive classification within the meaning of this Stipulated Protective Order. Any Certified Translation (as defined in Paragraph 4.5 below) of material designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall also be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

4.5    Certified Translation:  This term shall mean and refer to an English-language version, as translated by a translation service certified in the United States and/or Vietnam, of each document or material that is not in English and that is designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  In the event that a Party not responsible for providing the Certified Translation (as specified in Paragraph 7.4 herein) objects to the admissibility of the Certified Translation on grounds of lack of authenticity or the accuracy of the translation, then counsel for such Party must provide notice of such objection, together with the grounds for such objection and/or a proposed alternative Certified Translation of the applicable document, within thirty (30) days of receipt of the Certified Translation (the "Translation Objection").  If no Translation Objection is timely

made, then any Party not responsible for providing the Certified Translation shall be deemed to have waived any objection to the Certified Translation.

4.6    Counsel:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.7    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as applicable.

4.8    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this matter.

4.9    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.10    In-House Counsel:  attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.12    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.13    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.14    Producing Party:  a Party or Non-Party that produces Disclosure or

Discovery Material in this Action.

4.15   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, analyzing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4.17   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

## 5.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 6.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

In the event any person in receipt of Protected Material receives a written

request, subpoena, or Court Order seeking disclosure of another party's Protected Material, such person shall promptly upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

Following final disposition, counsel of record for each party receiving Protected Material shall, upon written request by the party that produced the Protected Material, and except as provided herein, either assemble and return to the disclosing party all Documents designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" or shall assemble and destroy all Documents so designated, including all summaries or other material containing or disclosing Protected Material, the destruction of which shall be confirmed in writing to the party that produced the Protected Information within thirty (30) days of a request for such return or destruction made by that party. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph. However, nothing herein shall require any party or counsel to disclose to any other Party or counsel any materials protected by the attorney-client privilege or attorney-work product doctrine even if they contain another party's Protected Material. Such materials shall be destroyed, not returned, in response to a request made pursuant to this Paragraph. Also, nothing herein shall preclude counsel of record from maintaining one copy of all case files in connection with the action even if they contain Protected Material, but such counsel of record shall continue to treat such filings containing Protected Material according to the protections afforded by this Protective Order.

## 7. DESIGNATING PROTECTED MATERIAL

7.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that

qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2     Manner and Timing of Designations. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL"(hereinafter "CONFIDENTIAL legend") or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "HIGHLY CONFIDENTIAL legend") to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall, to the extent reasonably possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall, to the extent reasonably possible, clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions, within 30 days of receipt of a transcript, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the

provisions of this Order.

7.4    Translation of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials.  If a Party designates and produces any non-English-language document or material, or a portion thereof, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then a Certified Translation must accompany the production.  If, in response to a subpoena from a Party, a Non-Party designates and produces any non-English-language document or material, or a portion thereof, as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, then any Party may, at its election, choose to obtain a Certified Translation.  If the Certified Translation is then served on the other Party, the requirements for objecting to the Certified Translation contained in Paragraph 4.5 herein shall apply.

## 8.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

8.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

8.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 9.    ACCESS TO AND USE OF PROTECTED MATERIAL

9.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 6 above and Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  Counsel for any party hereto, including In-House Counsel, and all partners, associates, of-counsel attorneys of Counsel's law firm, and paralegals, assistants, and stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates, or of-counsel attorneys;

(b)  Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action;

(c)  The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)  Persons whose depositions are being taken in this action, who have, prior to the commencement of their deposition, signed the statement attached hereto as Exhibit "A" (which is to be made part of the official transcript of that deposition) attesting to the fact that they have reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.  In the event a deponent does not sign Exhibit "A" prior to the commencement of his or her deposition, no

information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be shown to the deponent and his or her deposition shall not be considered complete until the deposing party has an opportunity to raise the issue with the Court;

(e)  Experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the Expert's or consultant's opinions, provided that disclosure of Confidential Information to such Experts or consultants shall be made only on the following conditions:

i.  Prior to any Confidential Information being disclosed to any expert or consultant, Counsel shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

ii.  In the event a consulting Expert becomes a testifying Expert, a copy of the Expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the Expert testifying at deposition or trial; and

(f)  Outside copy and litigation support vendors who have, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

9.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  Outside Counsel for any party hereto, all partners, associates, or of-counsel attorneys of Outside Counsel's law firm, and paralegals, assistants, and stenographic and clerical employees thereof when operating under the direct supervision of such partners, associates, or of-counsel attorneys.

(b)  Court and Mediator personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial and/or trial of this action.

(c)  Experts or consultants (not regularly employed by or otherwise associated with a party) who are retained to assist in the handling of this action to furnish technical or expert advice or to give expert testimony at trial, only to the extent that the information is pertinent to the Expert's or consultant's opinions, provided that disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to such Experts or consultants shall be made only on the following conditions:

i.      Prior to any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information being disclosed to any Expert or consultant, Counsel shall be required to obtain from said expert or consultant a signed statement, in the form of Exhibit "A" attached hereto (which shall be maintained by counsel of record for that party), attesting to the fact that the expert or consultant has reviewed and agreed to be bound by the provisions of this Stipulated Protective Order.

ii.      In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit "A" must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

(d)  Any other person agreed to in writing by the Designating Party or allowed through Court Order, who has, prior to the disclosure of such information, signed the statement attached hereto as Exhibit "A."

9.4    A copy of any signed Exhibit "A" shall be provided by the Receiving Party's counsel to the Designating Party's counsel.

## 10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of Protected Material from this Action, that Party must:

(a)  promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)  promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 11.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and

relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## 12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

## 13.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d):

(a)  No Waiver by Disclosure.  Information disclosed by the Disclosing Party to the Receiving Party that contains privileged matter or attorney work-product (the "Protected Information") shall be immediately returned by the Receiving Party to the Disclosing Party.  The disclosure of Protected Information shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection pursuant to Federal Rule of Evidence 502(d);

(b)  The Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (c)—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or, in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information;

(c)  Contesting Claim of Privilege or Work Product Protection.  If the Receiving Party contests the claim of privilege or work product protection, the Receiving Party must—within fifteen (15) business days of the Disclosing Party asserting privilege or work product protection—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").  The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Pending resolution of the Disclosure Motion, the receiving party must not use the challenged Protected Information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion;

(d)  Stipulated Time Periods.  The parties may stipulate to extend the time periods set forth in paragraphs (b) and (c);

(e)  Attorney's Ethical Responsibilities.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced;

(f)  Burden of Proving Privilege or Work-Product Protection.  The Disclosing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the Protected Information;

(g)  *In camera* Review.  Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information; and

(h)  Voluntary and Subject Matter Waiver.  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.

## 14.   MISCELLANEOUS

14.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3   Filing Protected Material.  A Party or Non-Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's or Non-Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 15.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 6, within 60 days of a written request by the Designating Party, and except as provided herein and in Section 6, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to

the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 6 (DURATION).

## 16. VIOLATION

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Date: August 6, 2019                    By: */s/ Kelly L. Perigoe*
                                        **BOIES SCHILLER FLEXNER LLP**
                                        Quyen L. Ta
                                        Kelly L. Perigoe
                                        James A. Unger

                                        *Counsel for Defendant,*
                                        *VNG Corporation*

Date: August 6, 2019

                                        By: */s/ Cory A. Baskin*
                                        **witkow | baskin**
                                        Cory A. Baskin
                                        Brandon J. Witkow

                                        *Counsel for Plaintiff,*
                                        *Lang Van, Inc.*

## **SIGNATURE ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest under penalty of perjury that concurrence in filing this document has been obtained from all signatories to this document.

By: /s/ Kelly L. Perigoe
Kelly L. Perigoe

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: August 06, 2019

JOHN D. EARLY
United States Magistrate Judge

**STIPULATED PROTECTIVE ORDER**

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on August 6, 2019 in the case of *Lang Van, Inc. v. VNG Corporation*, Case No. 8:14-cv-00100-AG (JDEx) (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____