UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**[IN CHAMBERS] ORDER REGARDING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 172)**

In this copyright action, Plaintiff Lang Van, Inc. alleges that Defendant VNG Corporation ("VNG"), through its Zing Music App, infringed on thousands of Plaintiff's copyrights in musical recordings. In July 2014, Plaintiff filed a First Amended Complaint that was nearly identical to the original complaint. A few months later, this Court dismissed the case for lack of personal jurisdiction, but that decision was appealed and vacated to allow for additional jurisdictional discovery. Now, Defendant moves to dismiss Plaintiff's Second Amended Complaint (Dkt. No. 145-1, "SAC") for lack of personal jurisdiction, *forum non conveniens*, and failure to state a claim.

The Court GRANTS Defendant's renewed Motion to Dismiss. (Dkt. No. 172.)

**1. PRELIMINARY MATTERS**

Both parties spent over 80 pages on evidentiary objections and responses to each other's briefs. (*See* Plaintiffs' Evidentiary Objections, Dkt. No. 194.; Defendant's Evidentiary Objections, Dkt. No. 205.) Where, as here, the parties file numerous objections to a motion, it's "often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *See Doe v. Starbucks, Inc.*, No. SACV 08-00582 AG (CWx), 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009). That is particularly true when most of the objections appear to be boilerplate. For example, Document 194 includes "Lack of foundation" on almost every objection, without any explanation. And twice, when the objections don't state "Lack of foundation," it states only "Relevance." This Court relies on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

only relevant evidence, and where there is such relevance, such objection is overruled. In all events, during extensive oral argument over all issues in this Order, no mention was made concerning objections. So here, the Court notes the following. To the extent any of the objected-to evidence is relied on in this order, those objections are overruled. Any remaining objections are also overruled as moot. *See Burch v. Regents of Univ. of Cal.*, 433 F. Supp.2d 1110, 1118 (E.D. Cal. 2006).

Further, Plaintiff asserts that Defendant has waived the right to re-assert lack of personal jurisdiction as a defense in this case, while at the same time concedes that Defendant "may have complied with the technical requirements of [Federal] Rule [of Civil Procedure] 12(h)." (Dkt. No. 186 at 14-15.) The Court finds that Defendant has not waived the right to re-assert lack of personal jurisdiction.

**2. BACKGROUND**

Headquartered in Westminster, California, Lang Van is a leading producer and distributor of Vietnamese music and entertainment. (SAC ¶¶ 11-12.) It has the "largest library of content of any Vietnamese production company, owning the copyrights to more than 12,000 songs and 600 original programs." (*Id.* ¶ 16.) Lang Van also has contracts with "various Vietnam-based production companies to distribute their titles internationally." (*Id.* ¶ 15.)

VNG is a Vietnam corporation with its principal place of business in Ho Chi Minh City, Vietnam. (*Id.* ¶ 6.) While it began in 2004 as a gaming company, VNG launched the Zing Music Website (Zing.vn) in 2007 to make "massive amounts of music available for download to site visitors." (*Id.* ¶¶ 17-20.) This content includes thousands of Lang Van's copyrighted works, offered to site visitors for free. (*Id.* ¶¶ 2, 81.) The website has approximately 20 million users and is one of the most popular sites in Vietnam. (*Id.* ¶¶ 24, 26.) Lang Van has received no compensation from VNG for the use of its copyrighted works. (*Id.* ¶ 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

## 3. PERSONAL JURISDICTION

Defendant asks the Court to dismiss the case against it for lack of personal jurisdiction. Plaintiff argues that the Court has specific jurisdiction over Defendant. The Court finds, once again, that jurisdiction over Defendant is lacking.

### 3.1 Legal Standard

A district court has personal jurisdiction over an out-of-state defendant if two things are true: (1) jurisdiction exists under the forum state's long-arm statute, and (2) the assertion of personal jurisdiction is consistent with the limitations of the due process clause. *Pac. Atl. Trading Co. v. M/V Main Express*, 758 F.2d 1325, 1327 (9th Cir. 1985). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-01 (9th Cir. 2004).

"For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1954)).

### 3.2 Specific Jurisdiction Over Defendant

Plaintiff argues the Court has specific jurisdiction over Defendant because its claims relate to Defendant's contacts with California. The Court disagrees. Specific jurisdiction exists where the following three prong test is satisfied.

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.* (internal quotations omitted).

### 3.2.1 Purposeful Direction

Plaintiff argues the first prong of the specific jurisdiction test, requiring the defendant's purposeful direction of activities to the forum state, is satisfied under the "effects test" established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), and applied by the Ninth Circuit in various cases. Defendant argues the Supreme Court's decision in *Walden v. Fiore*, 134 S.Ct. 1115 (2014) clarifies the rule and counsels the Court against exercising jurisdiction based on the "effects test." The Court agrees with Defendant.

### 3.2.1.1 The Effects Test

The effects test arises from *Calder v. Jones*, where the Supreme Court held that a California court properly asserted jurisdiction in a libel case concerning an article written in Florida. 465 U.S. at 791. The defendants were employees of the National Enquirer, a newspaper publisher incorporated in Florida that enjoyed its highest circulation in California. *Id.* at 785. Aside from their article that circulated in California, the defendants had few contacts with the state. The plaintiff, on the other hand, lived and worked in California, and suffered harm when the article was distributed there. *Id.* at 786, 789-90. In deciding that jurisdiction was proper, the Supreme Court reasoned that the defendants "knew that the brunt of [plaintiff's] injury would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

be felt . . . in the state in which she lives and works and in which the National Enquirer has its largest circulation." *Id.* at 789-90.

Relying on *Calder*, the Ninth Circuit has applied a three-part effects test to similar cases, requiring that "(1) [the defendant] committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Washington Shoe*, 704 F.3d at 673 (internal quotations omitted). This test has been applied to numerous copyright cases, with varying results. *Compare Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668 (9th Cir. 2012) (upholding jurisdiction); *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011) (same); *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) (same); *Columbia Pictures Television v. Krypton Broad. of Birmingham, Inc.*, 106 F.3d 284 (9th Cir. 1997) (same), *rev'd on other grounds sub nom.*, *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998); *with Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) (no jurisdiction); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) (same).

### 3.2.1.2 *Walden v. Fiore*

In *Walden v. Fiore*, the Supreme Court reversed the Ninth Circuit's holding that personal jurisdiction could be exercised in Nevada over a DEA agent who allegedly harmed the plaintiffs—Nevada residents—by intentionally filing a false affidavit against them in Georgia. *Walden v. Fiore*, 134 S.Ct. 1115, 1124 (2014). The agent had no connections of his own to Nevada, but the Ninth Circuit panel thought it sufficient that he knew of the plaintiffs' connection to that forum. *Id.* In reversing, the Supreme Court emphasized that "[t]he proper question is not where the plaintiff experienced a particular injury or effect, but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.* at 1125. Furthermore, it stated, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id.* at 1126. The Supreme Court found insufficient contacts between the defendant and Nevada, and so reversed the Ninth Circuit.

The Supreme Court distinguished *Walden* from *Calder*—the libel case concerning the National Enquirer article—by noting that the defendants in *Calder* actually had meaningful contacts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

with the forum state concerning the events that gave rise to the claims. In *Calder*, "the reputational injury caused by the defendants' story would not have occurred but for the fact that the defendants wrote an article for publication in California that was read by a large number of California citizens." *Id.* at 1124. Moreover, "because publication to third persons is a necessary element of libel, . . . the defendants' intentional tort actually occurred *in* California." *Id.* Thus, the grounds for jurisdiction in *Calder* were not defendants' knowledge that they were harming a plaintiff who happened to live in California, but rather their intentional act of writing a libelous article for broad publication in California. In other words, jurisdiction was based on their own contacts with California.

### 3.2.1.3 Application to Defendant

While Plaintiff acknowledges in its Opposition that jurisdiction under the effects test "requires something more" than a link between the harmed plaintiff and the forum, it still offers only tenuous connections between Defendant and California. Plaintiff points to: (1) downloads of the Zing MP3 App and visits to Zing MP3 by U.S. users; (2) Defendant's app developer agreements with Google and Apple; (3) advertisements on Zing MP3 directed at California; and (4) Defendant's U.S. trademark application for "VNG." (Dkt. No. 186 at 11-25.) But these facts don't show that Defendant expressly aimed its conduct at California.

Concerning point (1), Plaintiff cites purported evidence of users in the U.S. generally accessing Zing MP3 or downloading the Zing MP3 App but identifies no specific allegations in the SAC or evidence that any U.S. user (other than someone acting at Plaintiff's direction) used Zing MP3 to stream or download any of the recordings at issue. Where, as here, the plaintiff fails to link the defendant's forum contacts with the allegedly infringing activity, courts properly dismiss for failure to establish specific jurisdiction. *See Werner v. Dowlatsingh*, 2:18-CV-03560-CAS(FFMx), 2018 WL 6975142, *7-8 (C.D. Cal. Sept. 17, 2018) (finding no jurisdiction where defendant's California connections were not specific to allegedly infringing videos); *Rosen v. Terapeak, Inc.*, No. CV-15-00112-MWF (Ex), 2015 WL 12724071, at *8-9 (C.D. Cal. Apr. 28, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
|---|---|---|---|
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

Defendant's app developer contracts with Google and Apple are also insufficient to establish that Defendant expressly aimed its conduct at California. Defendant's agreement to a forum selection clause for disputes with Apple and Google is not relevant to claims asserted by Plaintiff, which is not a party to the app developer agreements. *See Bibiyan v. Marjan Television Network, Ltd.*, No. CV 18-1866-DMG (MRWx), 2019 WL 422664, at *3-4 (C.D. Cal. Feb. 4, 2019) (finding availability of defendant's app on Google Play Store and Apple's App Store had "no bearing on whether Defendant intended to exploit Persian music video viewership market in California"); *Goes Int'l AB v. Wuzla*, CV 13-7102 PA (Ex), 2014 WL 12617386, at *1 (C.D. Cal. Apr. 7, 2014).

Finally, Defendant's purported advertising and trademark application are insufficient to establish jurisdiction over this action. First, "there is no evidence that advertising gave rise to Plaintiff's claims, i.e., that the advertising itself is a relevant contact for purposes of jurisdiction over the copyright claims." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 243 F.Supp.2d 1073, 1086 (C.D. Cal. 2003). Because Plaintiff isn't suing Defendant over the display or content of any advertising on Zing MP3, these contacts aren't relevant to jurisdiction. *See id.* Second, Defendant's trademark application isn't sufficient to establish jurisdiction. Defendant registered "VNG" as a trademark in the United States under the Madrid Protocol, which allowed Defendant to submit its application in Vietnam and to select the United States as one of several countries in which to apply for trademark protection. (*See* Dkt No. 200 at 8.)

Therefore, Plaintiff has failed to meet the first prong of the Ninth Circuit's specific jurisdiction test, the "purposeful direction" prong. Because all three prongs must be satisfied to establish jurisdiction, this failure alone warrants dismissal.

### 3.2.3 Conclusion

In sum, Plaintiff has failed to show that Defendant has enough contacts with California for the Court to exercise jurisdiction on these claims. Most importantly, Defendant didn't purposely direct its activities toward California. Therefore, Defendant's renewed Motion to Dismiss is GRANTED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 14-0100 AG (JDEx) | Date | November 21, 2019 |
| Title | LANG VAN, INC. v. VNG CORPORATION, ET AL. | | |

### 4. OTHER ARGUMENTS

In their very extensive papers, the parties make many arguments. For example, Defendant asserts the Court should dismiss this case on *forum non conveniens* grounds and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The Court has considered all arguments in making this Order.

### 5. DISPOSITION

Defendant VNG's renewed Motion to Dismiss is GRANTED. (Dkt. No. 172.)

                                                                         : 0

Initials of Preparer      mku