_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiff:                        Attorneys Present for Defendants:

Not Present                                                            Not Present

**PROCEEDINGS: ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [244]**

Before the court is Defendant VNG Corporation's ("Defendant") Motion for Judgment on the Pleadings ("Motion" or "Mot."). (Dkt. 244.) Plaintiff Lang Van, Inc. ("Plaintiff") filed an Opposition ("Opp."). (Dkt. 246.) Defendant filed a Reply ("Reply"). (Dkt. 251.) The court found this matter appropriate for resolution without oral argument and took the matter under submission. (Dkt. 253.) Based on the state of the record, as applied to the applicable law, the Motion is **DENIED**.

## I.   Background

The operative pleading in this case, the Third Amended Complaint, raises a single claim of copyright infringement based on the following facts. (Dkt. 241 ("TAC") ¶¶ 80-93.) Plaintiff "is one of the leading companies in the field of production and distribution of Vietnamese music and entertainment[, and] has the largest library of content of any Vietnamese production company, owning the copyrights to more than 12,000 songs and 600 original programs." (*Id.* ¶¶ 12, 16.) Plaintiff alleges that Defendant owns "Zing Music Website," which provides music for download to site visitors. (*Id.* ¶¶ 17-19.) However, the musical content on Zing Music Website is "deliberately made available without any regard for the ownership interests of those companies and individuals that possess the legal rights to that content." (*Id.* ¶ 28.) "By making copyrighted works available to users on such a massive scale, the Zing Music Website attracts a tremendous volume of web traffic, which in turn attracts advertisers to showcase their products

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                     Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

on the site. [Defendant] then reaps the benefit of the resultant advertising revenue and increased exposure to their gaming platform and other content offerings." (*Id.* ¶¶ 32-33.)

Plaintiff alleges that Plaintiff has "either already completed, or at the very least, submitted a registration application [to the United States Copyright Office], for its entire catalog of musical works." (*Id.* ¶¶ 58-59.)  Plaintiff has also made use of copyright monitoring tools provided by the International Federation of Phonographic Industry ("IFPI") to identify whether Plaintiff's catalog of musical works is illegally appearing on Zing Music Website.  (*Id.* ¶¶ 60-62.)  "The IFPI software program, when applied to the Zing Music Website in October 2012, showed that there were thousands of links to [Plaintiff's] [copyrighted catalog] available for download . . . almost exclusively free of charge . . . . [Plaintiff] has never received any financial compensation." (*Id.* ¶¶ 63-65.)  Plaintiff later "hired dedicated personnel to manually check" if Plaintiff's copyrighted catalog was appearing on Zing Music Website.  (*Id.* ¶ 66.)  The manual review of Zing Music Website "showed links available on the Zing Music Website to more than 3,000 sound recordings and more than 600 albums owned by [Plaintiff]." (*Id.* ¶ 69.)  Additionally, "album compilations and album artwork are and/or were also available on the Zing Music Website." (*Id.* ¶ 78.)

Plaintiff alleges that Defendant has engaged in copyright infringement because Defendant has "made available to its users for download, listening, or streaming on the Zing Music Platform thousands upon thousands of links to [Plaintiff's] [c]opyrighted [w]orks." (*Id.* ¶ 84.)  Defendant has also "actively recruited personnel to search for [Plaintiff's] [c]opyrighted [w]orks and upload them on to the Zing Music Platform so that the content is available for its users [and Defendant] has further infringed [Plaintiff's] ownership of the [c]opyrighted [w]orks by making available for download on its platform album compilations comprised of [Plaintiff's] copyrighted sound recordings and copyrighted album artwork." (*Id.* ¶¶ 86-87.)

## II.    Legal Standard

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is properly granted "when there is no issue of material fact, and the moving party is entitled to judgment as a matter of law." *Unite Here Loc.*

**CIVIL MINUTES – GENERAL**                                                                          **2**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                              Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

*30 v. Sycuan Band of the Kumeyaay Nation*, 35 F.4th 695, 700 (9th Cir. 2022) (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)).  Because Rule 12(c) and Rule 12(b)(6) motions are "functionally identical," the same standard of review applies to motions brought under either rule.  *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017).

Review is generally limited to the pleadings.  *Yakima Valley Mem'l Hosp. v. Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011).  The court accepts "all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party."  *Herrera v. Zumiez, Inc.*, 953 F.3d 1063, 1068 (9th Cir. 2020) (citing *Fleming*, 581 F.3d at 925).  However, the court is "not required to accept as true allegations that contradict exhibits attached to the [c]omplaint, or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. 2022) (quoting *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013)); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

The court's inquiry concerns "whether the complaint at issue contain[s] 'sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face.'"  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (alteration in original) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (citation omitted).  "Establishing the plausibility of a complaint's allegations is a two-step process that is 'context-specific' and 'requires the reviewing court to draw on its judicial experience and common sense.'"  *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 679).  Under this standard, "[m]ere conclusory statements in a complaint and 'formulaic recitation[s] of the elements of a cause of action' are not sufficient."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Rather, "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**CIVIL MINUTES – GENERAL**                                                    **3**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Courts "have discretion to grant a Rule 12(c) motion with leave to amend, or dismiss the action instead of entering judgment." *Ryan v. Salisbury*, 382 F. Supp. 3d 1031, 1047 (D. Haw. 2019) (citations omitted); *see also Chandavong*, 599 F. Supp. 3d at 1020; *Gregg*, 870 F.3d at 887. Although Rule 12(c) "does not expressly provide for partial judgment on the pleadings, neither does it bar such a procedure; it is common to apply Rule 12(c) to individual causes of action." *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1141 (C.D. Cal. 2019) (quoting *Strigliabotti v. Franklin Res., Inc.*, 398 F. Supp. 2d 1094, 1097 (N.D. Cal. 2005)).

## III. Discussion

The Copyright Act enumerates six statutorily-created rights: "(1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public []; (4) [] to perform the copyrighted work publicly; (5) [] to display the copyrighted work publicly; and (6) [] to perform the copyrighted work publicly by means of a digital audio transmission." 17 U.S.C. § 106. "To establish a prima facie case of direct infringement, a plaintiff must show ownership of the allegedly infringed material and demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106 . . . . In addition, direct infringement requires the plaintiff to show causation (also referred to as 'volitional conduct') by the defendant." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (internal citations omitted). "The key concept is that direct copyright liability for website owners arises when they are *actively involved* in the infringement, and not passive handlers of content supplied by others." *Schneider v. YouTube, LLC*, 649 F. Supp. 3d 872, 878 (N.D. Cal. Jan. 5, 2023) (citations omitted).

Defendant argues that the court should enter judgment on the pleadings and dismiss the TAC because Plaintiff's copyright infringement claim relies on a legal theory that is not cognizable under the Copyright Act. (Mot. at 12.) Plaintiff responds that Defendant's "analysis" of Plaintiff's claim is "fundamentally flawed," and that the TAC alleges that Defendant violated multiple cognizable rights under the Copyright Act. (Opp. at 7, 10.)

**CIVIL MINUTES – GENERAL**                                                      **4**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                     Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

## A. Plaintiff's Allegations that Defendant Made Plaintiff's Copyrighted Works "Available" Supports a Claim for Copyright Infringement

The first argument Defendant makes regarding the insufficiency of Plaintiff's allegations points to language in the TAC which alleges that "[w]ithout authorization from [Plaintiff], or any right under the law, [Defendant] *has made available* to its users for download, listening, or streaming on the Zing Music Platform thousands upon thousands of links to [Plaintiff's] Copyrighted Works." (Mot at 8 (citing TAC ¶ 84) (emphasis added).) Defendant argues that the Copyright Act does not "prohibit 'making available' a work," "the Ninth Circuit [has] reject[ed] similar 'making available' theories [under] the Copyright Act," and Plaintiff "does not allege that any of its purported copyrighted works were ever reproduced or distributed in the United States." (*Id.*) Plaintiff counters that the TAC alleges Defendant not only made Plaintiff's work "available" but also engaged in "significant volitional conduct" such as hiring personnel to "find copies of [Plaintiff's] copyrighted works and load them on to the Zing Music Website." (Opp. at 13 (citing TAC ¶ 76).) Moreover, Plaintiff argues that "the Ninth Circuit has never held that the Copyright Act does not support a 'making available' theory under the plaintiff's exclusive public distribution right." (Opp. at 13-14.)

The court finds at this stage of the proceedings that the "making available" allegations in the TAC adequately support a claim for copyright infringement. The court observes that the question of whether "making available" copyrighted material violates the copyright-holder's right to distribution has resulted in "several decades of disagreement and debate among courts." *See SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 889 (N.D. Cal. March 21, 2022). Although the Copyright Act does not define distribution, *see generally* 17 U.S.C. § 101, caselaw from the Ninth Circuit supports the conclusion that the "making available" theory can demonstrate unlawful distribution under the Copyright Act. Indeed, the Ninth Circuit has held that uploading copyrighted material for others to download and copy "violate[s] [a] plaintiff's distribution rights." *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1014 (9th Cir. 2001), and *aff'd sub nom. A&M Recs., Inc. v. Napster, Inc.*, 284 F.3d 1091 (9th Cir. 2002) ("Napster users who upload file names to the search index for others to copy violate plaintiffs' distribution rights."); *see also Columbia Pictures Indus. v. Gary Fung*, 710 F.3d 1020, 1034 (9th Cir. 2013) ("Both uploading and downloading copyrighted material are infringing acts. The former

**CIVIL MINUTES – GENERAL**                                                                    **5**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

violates the copyright holder's right to distribution. . . .").  Some district courts have similarly found that "mak[ing] copyrighted materials available for download [] is a violation of [p]laintiff's distribution rights."  *Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *3 (C.D. Cal. Mar. 24, 2016); *see also In re Napster, Inc. Copyright Litig.*, 377 F. Supp. 2d 796, 806 (N.D. Cal. 2005) ("Plaintiffs' other two theories rely on the uploading and downloading of copies of copyrighted musical compositions and sound recordings by Napster users for the purpose of establishing the direct infringement element of their contributory and vicarious copyright infringement claims.  There is no doubt that these 'uploading' and 'downloading' theories are legally sufficient to establish defendants' liability for secondary copyright infringement.").  In this case, the TAC alleges that "[Defendant] has [] actively recruited personnel to search for [Plaintiff's] [c]opyrighted [w]orks and upload them on to the Zing Music Platform so that the content is available for its users," and "[Defendant] has made available to its users for download . . . on the Zing Music Platform thousands upon thousands of links to [Plaintiff's] [c]opyrighted [w]orks [and] album compilations comprised of [Plaintiff's] copyrighted sound recordings and copyrighted album artwork."  (TAC ¶¶ 84, 86.)  Accordingly, the court finds at this stage of the proceedings that Plaintiff's "making available" theory, involving uploading and making available for download copyrighted material, adequately states a claim for copyright infringement as it falls within the Ninth Circuit's interpretation of distribution.  *See A&M Records*, 239 F.3d at 1014 (9th Cir. 2001); *Lions Gate Films Inc.*, 2016 WL 6822748, at *3.

The court finds further support in determining that Plaintiff's copyright infringement claim has been adequately pled.  In *SA Music LLC* ("*SA Music*"), a Northern District of California district court found that a defendant "placing [copyrighted] recordings or promotional clips on the iTunes Store c[ould] qualify as 'distribution' under the Copyright Act."  592 F. Supp. 3d at 889.  Notably, the *SA Music* court found that "[t]he clearest indication that the distribution right includes 'making available' recordings is that the modern copyright statute [the Digital Millennium Copyright Act, 17 U.S.C. § 1201 *et. seq*.] implements the World Intellectual Property Organization Copyright Treaty [('the Treaty')] and the Treaty explicitly covers a making available theory and grounds it in the distribution right."  *Id.*  Accordingly, the court finds that *SA Music*'s analysis regarding the DMCA further supports the conclusion that the right to distribution encompasses "making available" copyrighted material.  *Id.*

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                    Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

The court notes the cases Defendant cites are distinguishable. For example, Defendant relies on *VHT, Inc. v. Zillow Grp., Inc.* (*See* Mot. at 14-15 (citing 918 F.3d 723, 736 (9th Cir. 2019).) However, whereas Plaintiff argues its claim involves the right to distribution, *VHT, Inc.* expressly addressed whether the "making available" theory is encompassed by the right to *display* under the Copyright Act. *See* 918 F.3d at 736 ("This theory presumes that the Copyright Act's display right encompasses an exclusive right to 'make available for display,' a position neither supported by the statute nor embraced by this court.").[1] To reach this conclusion, the Ninth Circuit relied, in part, on the definition of "display" under the Copyright Act. *Id.* (citing 17 U.S.C. § 101). As discussed above, the Copyright Act does not define "distribution," *see* 17 U.S.C. § 101, and Ninth Circuit caselaw holds that making available by "uploading" for "downloading"—which Plaintiff alleges occurred in this case—constitutes distribution. *See* A&M Records, 239 F.3d at 1014 (9th Cir. 2001); *see also* Lions Gate Films Inc., 2016 WL 6822748, at *3. Thus, the court finds that *VHT, Inc.* is not persuasive to the present case as it relates to distribution rights.

Defendant further relies on *LIVN Worldwide Ltd. v. Vubiquity Inc.*, 2022 WL 18278580, (C.D. Cal. July 22, 2022) ("*LIVN*"), and *EVOX Prods., LLC v. Verizon Media Inc.*, 2021 WL 3260609 (C.D. Cal. May 5, 2021) ("*EVOX*"). (Mot. at 15-17.) In *LIVN*, the court found that a copyright holder's distribution rights were not violated where the copyright holder "allege[d] that Defendant made the [copyrighted material] available for sale on the iTunes platform where subscribers made the decision to purchase the [copyrighted material]" because "'the distribution requirement of § 106 is not satisfied by simply making the copy available for sale.'" 2022 WL 18278580, at *7. But here, Plaintiff does not allege that Defendant is *selling* copyrighted material but is instead "reap[ing] . . . large advertising revenue and increased exposure to [Defendant's] gaming content." (TAC ¶ 2.) Thus, the facts of the present case do not adequately align with those of *LIVN*. Notably, for the reasons explained above, the court finds *SA Music* persuasive, and *SA Music* found a claim for copyright infringement could be stated

_____

[1] Plaintiff argues that Defendant also violated Plaintiff's display rights. (*See* Opp. at 7.) The court finds that to the degree Plaintiff's arguments related to violation of Plaintiff's display rights rely on the "making available" theory, those arguments are foreclosed by *VHT, Inc. v. Zillow Grp., Inc.* *See* 918 F.3d 723, 736 (9th Cir. 2019).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                                  Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*
_____

based on "making available—as opposed to actually selling—the [copyrighted material]."  592 F. Supp. 3d at 877.  Accordingly, the court finds that *LIVN* is not applicable to the present case.

Likewise, *EVOX* reaches the conclusion that the "making available" theory of violating distribution rights fails as a matter of law by relying in part on *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1162 (9th Cir. 2007) ("*Perfect 10*").  *See EVOX*, 2021 WL 3260609, at *3. However, the court finds that the facts of *Perfect 10* do not sufficiently correspond with the facts of the present case.  In *Perfect 10*, the court found that Google did not violate distribution rights of Perfect 10, Inc. because "Google does not own a collection of Perfect 10's full-size images and does not communicate these images to the computers of people using Google's search engine."  508 F.3d at 1162-63.  The *Perfect 10* court distinguishes Google from Napster, a music-sharing platform that was found to violate distribution rights, stating that "the infringing conduct was the use of Napster's 'service to download and upload copyrighted music.'"  *Id.* at 1174 (citing *Napster,* 239 F.3d at 1023-24).  As discussed previously, the court finds that Plaintiff in this case has alleged a violation of distribution rights under a theory of making copyrighted material available through uploading and downloading.  Thus, the court finds that *Perfect 10*, and therefore *EVOX*, which relies on *Perfect 10*, are distinguishable from the case at hand.

In summary, the court finds that the facts of the case, as applied to relevant precedent within the Ninth Circuit, supports the conclusion that Plaintiff's allegations that Defendant "made available" Plaintiff's copyrighted works sufficiently alleges a violation of Plaintiff's distribution rights.

**B.  Plaintiff's Copyright Infringement Claim is not Foreclosed if Defendant Uploaded or Instructed Upload of Plaintiff's Copyright Materials from Abroad**

Defendant next argues that "to the extent [Plaintiff] [] contend[s] that [Defendant] infringed [Plaintiff's] distribution right by uploading or instructing the upload of [Plaintiff's] works, any such acts indisputably occurred in Vietnam, so this argument [] fails."  (Mot. at 21.) Plaintiff responds that Plaintiff "has not alleged in the TAC . . . that [Defendant] infringed on [Plaintiff's] distribution right by uploading [] [Plaintiff's] works from Vietnam" but rather that "[Defendant] [made] Plaintiff's copyrighted works available to its users in the United States for

**CIVIL MINUTES – GENERAL**                                                          **8**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 8:14-cv-00100-FWS-JDE                         Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

download, listening, or streaming . . . ."  (Opp. at 18 (cleaned up).)  Again, the court finds that Plaintiff's allegations are sufficient because they assert copyright violations that fall within the legal standard provided by the Ninth Circuit and other courts within the Central District of California.  *See A&M Records*, 239 F.3d at 1014 ("Napster users who upload file names to the search index *for others to copy* violate plaintiffs' distribution rights.") (emphasis added); *Lions Gate Films Inc. v. Saleh*, 2016 WL 6822748, at *3 ("By hosting copies of the film online, Defendants [] made copyrighted material *available for download*, which is a violation of Plaintiff's distribution rights.") (emphasis added).

Moreover, the court finds that Defendant's allegedly infringing actions are not "wholly extraterritorial" because Plaintiff's copyrighted works have been made available for download by individuals in the United States.  *See Shropshire v. Canning*, 809 F. Supp. 2d 1139, 1145 (N.D. Cal. Aug. 22, 2011) ("The Court finds that in this case, the alleged act of direct copyright infringement — uploading a video from Canada to YouTube's servers in California for display within the United States — constitutes an act of infringement that is not 'wholly extraterritorial' to the United States."); *Tecnologias Avanzadas RD, SRL v. Riegler*, 2017 WL 2772301, at *4 (N.D. Cal. June 1, 2017), *report and recommendation adopted sub nom. Tecnologias Avanzadas RD, SRL v. Delsey Alvarez Vasquez Riegler*, 2017 WL 2730096 (N.D. Cal. June 26, 2017) ("Plaintiff's allegations are similar those at issue in *Shropshire*, substituting Austria for Canada.  Accordingly, these allegations are sufficient to state a claim for Copyright Infringement.").

### C. Plaintiff States a Claim for Copyright Infringement Based on Violation of Plaintiff's Performance and Reproduction Rights

Plaintiff argues that the TAC not only alleges a violation of Plaintiff's distribution rights but alleges that Defendant violated Plaintiff's performance right.  (Opp. at 7.)  Plaintiff argues that Defendant violated Plaintiff's performance right because Defendant "is an interactive service which does not have a license to publicly perform [Plaintiff's] sound recordings."  (*Id.* at 20 (citing TAC ¶ 48 ("Yet, [Defendant's] unbridled infringement continues, especially with respect to [Plaintiff's copyrighted works] and no license is in place for [Defendant] to use the [c]opyrighted [w]orks.")).)  Plaintiff also argues that the TAC alleges that Defendant violated Plaintiff's right to reproduction.  (*Id.* at 7.)  Defendant argues that Plaintiff "fails to plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                    Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

factual content that allows the court to draw the reasonable inference that [Defendant] violated its performance right. . . . Nor could [Plaintiff] do so because it cannot allege streams by Zing users in the United States." (Reply at 14.) Likewise, Defendant argues that "any acts [of reproduction] unquestionably occurred in Vietnam and are therefore not actionable." (*Id.*)

The Copyright Act protects the copyright holder's right to "reproduce the copyrighted work in copies or phonorecords," and the copyright holder's right to, "in the case of sound recordings, [] perform the copyrighted work publicly by means of a digital audio transmission." *See* 17 U.S.C. §§ 106(1), 106(6). The Copyright Act defines "perform" to mean "to recite, render, [or] play, [] either directly or by means of any device or process or, in the case of a motion picture or other audiovisual work, to [] make the sounds accompanying it audible." *See* 17 U.S.C § 101. "To 'transmit' a performance or display is to communicate it by any device or process whereby images or sounds are received beyond the place from which they are sent." *Id.* In *Capitol Records, LLC v. BlueBeat, Inc.*, the court found that a defendant company violated plaintiffs' reproduction, distribution, and performance rights where the defendant operated a website that "offered its registered users [] the ability to purchase and download any track in the [defendant's] Music Library [and] provided free 'streaming,' i.e. on-demand digital performance, of any sound recording in the [defendant's] Music Library," including plaintiffs' copyrighted works that defendant did not have a license to. 765 F. Supp. 2d 1198, 1201-06 (C.D. Cal. 2010); *Lions Gate Films Inc.*, 2016 WL 6822748 at *3 ("Finally, by providing an online platform that enables users to view the film, Defendant [] infringed on Plaintiff's 'right to perform the copyrighted work publicly.'") (citing 17 U.S.C. § 106(4); *Warner Bros. Entm't v. WTV Systems, Inc.*, 824 F. Supp. 2d 1003, 1008-12 (C.D. Cal. 2011)). The court finds that the facts of *Capitol Records, LLC* are similar to the facts of the present case, where the TAC likewise alleges that Defendant operates a website which allows users "to stream or download unlicensed sound recordings, almost exclusively at no cost to the user," including Plaintiff's copyrighted works. (TAC ¶¶ 4, 48.) Moreover, for the reasons set forth in Section III(B), *supra*, the court finds that Defendant's actions outside of the United States do not foreclose a claim under the Copyright Act. *See* Section III(B), *supra*. Thus, the court concludes that the TAC adequately alleges a claim for copyright infringement for violation of Plaintiff's performance and reproduction rights.

## IV.    Disposition

**CIVIL MINUTES – GENERAL                                        10**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:14-cv-00100-FWS-JDE                               Date: October 2, 2024
Title: Lang Van, Inc. v. VNG Corporation *et al.*

    For the reasons set forth above, the court **DENIES** the Motion.

                                    Initials of Deputy Clerk:  mku